## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LEONARD J. BARNETT                                          PETITIONER
ADC #096041


VS.                          5:15-CV-00250 BSM/JTR


WENDY KELLEY, Director,
Arkansas Department of Correction                          RESPONDENT


### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Leonard J. Barnett ("Barnett").  *Doc. 2*.  Before addressing Barnett's habeas claims, the Court will review the procedural history of the case in state court.

On April 4, 2001, Barnett appeared, with counsel, in the Circuit Court of Saline County, Arkansas, and, pursuant to a negotiated plea, pleaded guilty to sexual abuse in the third degree.  *Doc. 6-2 at 1*.  In exchange for his plea, the prosecutor reduced the original charge from rape to sexual abuse in the third degree and nolle prossed the habitual offender enhancement.  *Doc. 6-2 at 4*.  The Court imposed a sentence of three years' probation.  The Order imposing probation conditions directed Barnett to:  "[r]eport to [the] probation office immediately to set up sex offender registration."[1]  *Doc. 6-2 at 1-2*.   *State of Arkansas v. James Barnett*, Saline County Circuit Court Case No. CR00-588 ("2001 conviction").  Barnett did not appeal the conviction or sentence.  Nor did he file any type of post-conviction motion. [2]

---

[1]  Barnett's suggestion that he was not required to register as a sex offender during his probation, *doc. 2 at 1*, is contradicted by the Court's Order requiring him to "immediately" register as a sex offender.

[2]  Barnett contends, in passing, that he "was coerced into pleading guilty."  *Doc. 2 at 1*. His Petition, even liberally construed, fails to assert a federal constitutional challenge to his 2001 conviction.  Over fifteen years later, any such challenge would be time-barred.  *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (under § 2244(d)(1)(A) state prisoner must file federal

On October 14, 2011, Barnett appeared, with counsel, in the Circuit Court of

Saline County, Arkansas, and pleaded guilty, in three separate pending criminal

cases, to various offenses related to his failure to comply with state statutory

requirements imposed on him due to his sex offender status.[3]   *See State of*

*Arkansas v. Barnett*, Saline County Circuit Court cases CR2009-568-1, CR2011-

504-4, and CR 2011-030-4 (collectively, "2011 convictions").[4]   For each of the

three 2011 convictions, the Court imposed the same sentence – 60 months

imprisonment.   All three sentences were to be served concurrently.[5]   *Doc. 6-1*

---

habeas petition within one-year time of the date on which the judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review.")

[3] In 1997, Arkansas enacted the Sex & Child Offender Registration Act, now titled the Sex Offender Registration Act, ("Act") codified at Ark. Code Ann. § 12-12-901 through 920.  At the time of Barnett's 2001 plea, the Act required any person adjudicated guilty of a sexually violent offense, a sex offense, or an offense involving a minor victim, on or after August 1, 1997, to register as a sex offender.  Ark. Code Ann. § 12-12-905 (eff. Sept. 1, 1999).  *See also* Ark. Code Ann. § 12-12-906 ("Duty to register or verify registration generally").  It is a felony offense to fail to comply with the Act's registration requirements.  Ark. Code Ann. § 12-12-904(a)(1)(A).
    The residential restriction and registration requirements of the Act have survived various constitutional challenges.   *See, e.g*, *Weems v. Little Rock Police Department*, 453 F.3d 1010, 1017 (8th Cir. 2006) (upholding due process, equal protection, and other challenges to Arkansas sex offender residency and registration requirements);  *Kellar v. Fayetteville Police Department*, 339 Ark. 274, 5 S.W.3d 402 (1999) (rejecting claim that Act's registration and notification statutes violate the ex post facto clauses of the United States and Arkansas constitutions).

[4] In CR2009-568-1, Barnett was charged with one count of being a sex offender residing within 2000 feet of a certain facility.  In CR2011-504-14, Barnett was charged with 1 count of failing to register as a sex offender and 1 count of being a sex offender residing within 2000 feet of a certain facility.  In CR2011-030-4, Barnett was charged with 1 count of failing to register as a sex offender.

[5] Two of the three Judgment and Commitment Orders were filed on November 7, 2011 (CR2011-504-4 and CR2011-030-4);  the third Order was filed October 28, 2011 (CR2009-568-1).

(Judgment and Commitment Orders).  Nothing in the record suggests that Barnett attempted to appeal or to seek post-conviction relief regarding any of the three convictions.

On December 18, 2014, the Arkansas Parole Board ("Parole Board") denied Barnett's "parole plan." *Doc. 6- at 16*.  Nothing in the record suggests that Barnett attempted to appeal the Parole Board's denial of parole.

On July 31, 2015, Barnett filed this habeas action, in which he contends that his constitutional liberty rights have been infringed without due process and equal protection because the Parole Board denied him parole.  He specifically complains that the Parole Board rejected his plan to live at 1513 Oak Street, Benton, Arkansas ("proposed home address") because it was too close to a school or park.[6]  *Docs. 2 & 6-3* (inmate summary).  Barnett requests habeas relief in the form of an Order: (1) requiring the Parole Board to allow him to parole to his proposed home address; or (2) requiring the Parole Board to show cause what law prohibits him from returning to his proposed home address.

Respondent argues Barnett's claims are not cognizable in a § 2254 habeas action, or alternatively, the claims should be dismissed based on failure to exhaust

---

[6]  Barnett states that he resided at this address "all his life," including during the three years he was on probation for the 2001 conviction. *Doc. 2 at 2*.  Registered sex offenders are prohibited from residing within 2000 feet of an elementary or secondary school, public park, youth center, or daycare facility. *See* Ark. Code Ann. § 5-14-128.

and procedural default.  *Doc. 6.*  The Court directed Barnett to file a Reply, but he failed to do so.  *Doc. 7.*  Thus, the issues are joined and ripe for resolution.

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice. [7]

## II. Discussion

Section 2254 "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (*quoting* 28 U.S.C. § 2254(a)). "'[F]ederal habeas corpus relief does not lie for errors of state law.'"  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (omitting citations).  Thus, this Court's authority in resolving Barnett's habeas Petition is limited to determining whether a federal constitutional violation has occurred.  Accordingly, any questions surrounding whether the Parole Board correctly applied state law or properly followed its own policies may *not* be resolved in this federal habeas action.

A protected liberty interest "may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies."  *Jenner v. Nikolas*, 828 F.3d 713 (8th Cir. 2016) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

---

[7] According to the ADC website, Barnett is no longer a prisoner in the ADC.  Thus, his claims may be moot.  The Court addresses his claims in the interest of finality.

Under well-established federal law, Barnett does not have a protected liberty interest in the *possibility* of being granted parole, much less in being paroled to a specific address. *See Swarthout v. Cooke*, 562 U.S. 116, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). The mere possibility of parole, without more, provides at most a hope that the benefit will be obtained and does not create an entitlement to due process under the Fourteenth Amendment. *Id*. at 11; *see Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (inmate has no federal constitutionally protected liberty interest in the possibility of parole).

The law recognizes that a state, in establishing a parole system, may create a liberty interest that is protectible under the Fourteenth Amendment. *Greenholtz*, 442 U.S. at 12; *see Board of Pardons v. Allen*, 482 U.S. 369, 373-81, 107 S. Ct. 2415, 96 L. Ed. 2d 303 (1987). A liberty interest may arise from state law if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008).

The Arkansas parole statutes do not grant a prisoner an enforceable federal constitutional right to be granted parole.[8]  The Arkansas statutes create only the *possibility* of parole, which is insufficient to create a right to due process in connection with the Parole Board's denial of parole.  *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990);  *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984);  *see also Hamilton v. Brownle*e, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (unpub.) (Arkansas parole statutes do not create protectible liberty interest in discretionary parole decisions, and prisoner did not have protectible liberty interest in having parole board follow its own hearing policy).

The Arkansas Supreme Court has emphasized the broad discretionary authority granted under the state's parole statutes.  *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210, 211 (Ark. 1987); *see Mason v. Hobbs*, 2015 Ark. 20, 453 S.W.3d 679, 681-82 (Ark. 2015) ("[T]here is no constitutional right or entitlement to parole that would invoke due-process protection.");  *Crossno v. Felts*, 2014 Ark. 262, at 2 (same);  *Hodges v. Norris*, 2004 Ark. LEXIS 152, 2004 WL 439982, at *2 (Ark. Sup. Ct. Mar. 11, 2004) ("Transfer for parole is not a matter of right.").

---

[8]   Arkansas law imposes minimal restrictions on the Parole Board, which "may" release an individual on parole when, in its opinion, there is a reasonable probability that an inmate can be released without detriment to the community or himself.  Ark. Code Ann. § 16-93-701(a)(1). The Parole Board is also granted discretion to formulate "all policies, rules, and regulations regarding parole," to set conditions for parole, and to determine if or when a particular inmate will be paroled.  Ark. Code Ann. §§ 16-93-206(a)(1) & (4), (e)(1) & (f) and 16-93-1302.

The federal courts have repeatedly held that the Arkansas statutes create only a possibility of parole, and thus do not establish any right to release on parole which would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); see *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007) (Arkansas parole statutes do not create protectible liberty interest in discretionary parole decisions, and prisoner did not have protectible liberty interest in having parole board follow its own hearing policy; inmate had "no constitutionally protected liberty interest in the possibility" of parole even when board rescinded "an initially favorable parole decision").[9]

Barnett contends that he has submitted several parole plans, based on him living at his desired home address, all of which have been denied because his home address is too close to a school or park. *Doc. 2 at 2*. Because Barnett has no liberty interest in being granted parole at all, much less in being paroled to the

---

[9] *See also*, *e.g.*, *Robinson v. Kelley*, 2015 U.S. Dist. LEXIS 170099, 2015 WL 9311923, at *3-4 (E.D. Ark. Nov. 5, 2015) (no due process claim based on the denial of parole because Arkansas's parole laws do not give a prisoner a right to parole), recommendation adopted 2015 U.S. Dist. LEXIS 171333, 2015 WL 9305675 (E.D. Ark. Dec. 21, 2015); *Crossno v. Hobbs*, 2014 U.S. Dist. LEXIS 151401, 2014 WL 5419979, at *3-4 (E.D. Ark. Oct. 22, 2014) ("[N]either Arkansas law nor the Board's regulations give rise to a liberty interest in parole[.]"); *Sims v. Hobbs*, 2011 U.S. Dist. LEXIS 99561, 2011 WL 3889711, at *2 (E.D. Ark. Sept. 2, 2011) (regardless of statutory provisions using the word "shall," Arkansas's parole statutes "do not establish any right to release on parole or transfer which would invoke due process protection").

specific residence of his choosing, he fails to state a cognizable claim for federal habeas relief.

Additionally, this Court may not grant habeas corpus relief based on a challenge to the Parole Board's interpretation or application of state law. *See*, *e.g.*, *Wilson v. Corcoran*, 131 S. Ct. 13 (2010) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (omitting internal citations and quotations).  Thus, the Court lacks jurisdiction to consider Barnett's request that the Parole Board be required to show cause whether it applied the correct state law in denying Barnett's request for parole.[10]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED and this habeas case be DISMISSED, WITH PREJUDICE.  IT IS FURTHER RECOMMENDED THAT a Certificate of

---

[10]  Under the Arkansas Administrative Procedures Act ("APA"), Barnett had thirty days from service of the Parole Board's final decision to file an APA action for judicial review in either Pulaski County Circuit Court or the circuit court in the county where he was incarcerated. *See* Ark. Code Ann. § 25–15-212(b)(1) (Repl. 2014);  *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991) (inmates may obtain review of constitutional questions under APA).

Thus, even assuming Barnett had asserted a cognizable constitutional claim in his federal habeas petition, his claim that the Parole Board applied the wrong law would be procedurally defaulted because he failed to present the claim to Arkansas courts for resolution before seeking relief in federal court.  Habeas petitioners procedurally default their habeas claims if: (1)  they have not exhausted remedies that were available in state court;  and (2)  they can no longer return to state court to raise those habeas claims on a timely basis.  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).  Barnett fails to assert any factual basis for the narrow exceptions to procedural default:  (1) cause and prejudice or (2) miscarriage of justice.  *See Morgan v. Javois*, 744 F.3d 535, 538-539 (8th Cir. 2013) (federal habeas claims were properly dismissed as procedurally defaulted where petitioner failed to attempt to demonstrate exception).

Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section

2254 Cases.

Dated this 5th day of October, 2016.

_____

UNITED STATES MAGISTRATE JUDGE